UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JERALDINE FORE, | ) | No. CV 04-09710-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Although Plaintiff sought an award of disability insurance

benefits based on assertions that she suffered from both physical and mental impairments, she only asserts here that the ALJ erred in his assessment that she did not suffer from a severe mental impairment. (Motion at 3, et seq.)  Within this issue, Plaintiff also asserts that the ALJ improperly rejected her testimony concerning her condition. (Motion at 5, et seq.)

Plaintiff received treatment for depression at her treating facility, Kaiser Permanente Hospital, under the care of Dr. Bowman. (AR 28-29, 273-302.)  She also received a consultative psychiatric examination ("CE") from Dr. Elmashat on February 11, 2002. (AR 29, 315-320.)  Based on Dr. Elmashat's findings, the ALJ found that Plaintiff does not have a severe mental impairment. (AR 29.)  It is this finding which Plaintiff disputes.

While conceding that the opinion of an examining physician can constitute substantial evidence, Plaintiff asserts that case law requires that "these opinions must be consistent with the record in its entirety." (Motion at 5, citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).)  In fact, this is an incorrect statement of the law.  The holding of Andrews on this point is as follows:

> "Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict. Magallanes, 881 F.2d at 751.  Where, on the other hand, a nontreating source's opinion contradicts that of the treating physician but is not based on independent clinical

findings, or rests on clinical findings also considered by the treating physician, the opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record. (Citation omitted.)" (Andrews, 53 F.3d at 1041.)

Plaintiff does not dispute that Dr. Elmashat conducted an objective examination.  As a result, he assessed no functional restrictions in numerous areas, which encompass activities of daily living, social functioning, and concentration, persistence or pace. (See AR at 320.)  The Commissioner's regulation notes that if the degree of limitation in those areas is considered to be "none" or "mild," it will generally be concluded that the claimant does not have a severe mental impairment. (See 20 C.F.R. §404.520a(c)(3), (4), (d), (1).)  In addition, the State Agency physician completed a Psychiatric Review Technique form ("PRT") in which he found no severe impairment, and no work-related functional limitations. (See AR at 331-344.)  The ALJ also relied upon the consistency between Dr. Elmashat's conclusions and those of the State Agency consultant, which also constitutes a legitimate evaluation of the evidence.

The ALJ assessed that under a medication regimen, Plaintiff's mental condition improved significantly. (See AR at 29.) This is well corroborated by the clinical notes from Plaintiff's treating facility. (See AR at 275, 279, 286.)  Moreover, two months after the ALJ issued his decision, Plaintiff submitted a "check-off" form completed by Dr. Bowman which was received in evidence and considered by the Appeals Council. (See AR at 7-8, 361-364.)  The Appeals Council found that the

marked and frequent limitations assessed by Dr. Bowman in his check-off form were not consistent with the high score Plaintiff received on a generalized assessment of functioning ("GAF"), or with the medical evidence (e.g., clinical notes) from Plaintiff's treating facility for the relevant period of time. (See AR at 7-8.)

Plaintiff also asserts that the ALJ improperly rejected the opinions of Carolyn Crawford, LCSW. (Motion at 5, AR 29, 347-351.) Plaintiff asserts that Ms. Crawford's opinions should be considered because she was working in conjunction with the treating physician. (See, id.) The ALJ discounted Ms. Crawford's opinions because she is not a medical doctor, and it appeared that she merely repeated claims made by Plaintiff without any independent judgment. (AR 28.) As to the first reason, a licensed clinical social worker is considered to be an "other source" under the applicable regulations. (See 20 C.F.R. §404.1513(d)(1).) As such, the opinion of such a source is entitled to less weight than that of a physician, for example. The second reason asserted by the ALJ appears to have substantial support in the record. In particular, much of Ms. Crawford's report simply repeats many of Plaintiff's claims. For example, she reported that Plaintiff had fibromyalgia, but there are no medical records to support such a diagnosis. (See AR at 347.) She erred in reporting the date Plaintiff first began receiving treatment as October 2000, when in fact it was January 23, 2001. (AR 347, 301-02.) Ms. Crawford assessed significant limitations on Plaintiff's ability to sit, stand, lift, and do other functional tasks, which are not only unsupported in the record, but would seem to be well beyond her professional capabilities. (See AR at 353-355.) Finally, Ms. Crawford's reports do not indicate that she was working under Dr. Bowman's supervision, or that Dr. Bowman had any

4

knowledge of Ms. Crawford's conclusions.

Finally, Plaintiff asserts that her subjective reporting should have been given credibility. In particular, she testified that she can't think some of the time (AR 49), and reported that she loses her thoughts sometimes in the middle of a sentence. (AR 111.) In rejecting Plaintiff's credibility, the ALJ relied upon standard means of credibility assessment. He specified that she gave inconsistent statements regarding when she last worked; her education; with whom she lived; and many aspects of the extent of her daily activities. (AR 30.) Plaintiff fails to address why any of these specific findings are incorrect, based on the record. The Court finds that the ALJ provided an adequate evidentiary basis for rejecting Plaintiff's credibility.

For the foregoing reasons, the Court affirms the decision of the Commissioner, denies Plaintiff's Motion for Summary Judgment, grants Defendant's Cross-Motion for Summary Judgment, and orders that this matter be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: September 23, 2005

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

5